# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BEIDY MARTINEZ VELOZ,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Case No. CIV-26-709-G** |
| ) | |
| **MARKWAYNE MULLIN; TODD** ) | |
| **BLANCHE; FRED FIGUEROA,**[1] ) | |
| ) | |
| **Respondents.** | |

## ORDER

The Court is in receipt of the Petition for Writ of Habeas Corpus Under 28 U.S.C.

§ 2241 submitted on behalf of Beidy Martinez Veloz ("Petitioner") and signed by

Thayrisbell Vazquez Blanco ("Ms. Vazquez Blanco") as next friend of Petitioner in the

above-referenced matter. (Doc. 1, at 8). For the reasons stated below, Ms. Vazquez Blanco

---

[1] Petitioner named the Warden of Diamondback Correctional Facility as Respondent. Fred Figueroa, who serves in that role, is a proper respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citation modified). And because ICE "is in complete control of detainees' admissions and release" and is housed within the Department of Homeland Security, "the [Acting] Attorney General of the United States [Todd Blanche] and the Secretary of Homeland Security [Markwayne Mullin]" are also appropriate respondents. *Rafati v. Barr*, Case No. 20-CIV-411, 2020 WL 12968837, at *1 (E.D. Okla. Dec. 22, 2020) (quoting *Calderon v. Sessions*, 330 F. Supp. 3d 944, 953 (S.D.N.Y. 2018)); *cf. Castillo-Hernandez v. Longshore*, 6 F. Supp. 3d 1198, 1212 (D. Colo. 2013) ("[T]his Court concludes that either the Attorney General or [the Department of Homeland Security] Secretary is the proper respondent."). "If a petitioner names the wrong respondent, this Court may simply substitute the correct party." *Dopp v. McCoin*, No. CIV-18-520-D, 2019 WL 3071984, at *2 (W.D. Okla. Feb. 28, 2019), *adopted*, 2019 WL 1952693 (W.D. Okla. May 2, 2019). The undersigned does so here by substituting Markwayne Mullin, Todd Blanche, and Fred Figueroa as respondents.

has not met her burden to establish that she may serve as "next friend" on behalf of Petitioner. This matter may not proceed until this deficiency is cured.

## I.    Signing the Petition and Requirements for Next Friend Status

An "application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Individuals who "appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves" are considered "next friends." *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* at 163. But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* "[I]f there were no restriction on 'next friend' standing in federal courts, the litigant asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art. III simply by assuming the mantle of 'next friend.'" *Id.* at 164.

Approval for "next friend" status requires that an individual meet two prerequisites. "First, a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163; *see also Williams v. Boone*, 1999 WL 34856, at *5 (10th Cir. Jan. 28, 1999) ("A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition."). "Second, the 'next friend' must be truly dedicated to the best interests of the person on

whose behalf [s]he seeks to litigate . . . [and] must have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163-64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164. Courts have routinely required "next friends" to provide evidentiary proof in support of their explanations in order to meet the prerequisites. *See Aguilar v. Bragg*, 463 F. App'x 333, 334 (5th Cir. 2012) (affirming dismissal for lack of jurisdiction where an individual alleged a prisoner "could not prosecute the action on his own behalf due to mental incapacitation," but "did not submit a medical professional's opinion to support this claim"); *Fanciullo ex rel. Fanciullo v. Hillhouse*, 2023 WL 6388084, at *1 (E.D. Tex. June 30, 2023) (finding explanations as to why the real party in interest cannot appear on his own behalf "must be supported by relevant proof"), *adopted*, 2023 WL 6387367 (E.D. Tex. Sept. 29, 2023); *Atkins v. Unnamed Respondent(s)*, 2023 WL 11915617, at *2 (N.D. Ga. Apr. 12, 2023), ("Atkins's unsupported and conclusory assertions that Daddario is mentally deficient or disabled fall far short of the showing required by precedent."), *adopted*, 2023 WL 11915602 (N.D. Ga. May 5, 2023); *United States v. McFarland*, 2023 WL 1452052, at *2 (E.D. Ky. Feb. 1, 2023) ("Duerson has failed to meet his burden of establishing that he can proceed as McFarland's next friend. . . . [because] Duerson has not provided any concrete evidence to support his claim that McFarland's medical condition prevents her from filing her own § 2255 motion."), *cert. of appealability denied*, 2023 WL 6182604 (6th Cir. July 11, 2023), *cert. denied*, 144 S. Ct. 364 (2023).

3

**II.     The Support Presented by Ms. Vazquez Blanco in Support of Next Friend Status Is Insufficient.**

Ms. Vazquez Blanco submits a declaration to the Court which states she is Petitioner's cousin.  (Doc. 2, at Ex. 1, at 1).  She asserts that she has maintained "regular communication with [Petitioner] prior to and during her detention," and that "Petitioner faces substantial limitations in accessing legal counsel, gathering evidence, and preparing legal filings."  (*Id.*)  Therefore, Ms. Vazquez Blanco alleges, Petitioner "is unable to effectively protect her rights without assistance."  (*Id.*)

Ms. Vazquez Blanco's filing indicates a significant relationship between her and Petitioner.  However, it falls short of providing an adequate explanation as to why Petitioner cannot appear on her own behalf to prosecute the action.  Although Ms. Vazquez Blanco asserts that Petitioner has difficulty accessing legal counsel, it is common for detained individuals to prepare legal filings on their own behalf and proceed *pro se*.  Ms. Vazquez Blanco provides no details regarding specific difficulties Petitioner has in collecting evidence and preparing legal filings, so they are too conclusory to establish next friend status.

While the undersigned is sympathetic to Ms. Vazquez Blanco's desire to assist her cousin in being released from custody, there are legal requirements for her to be able to present a Petition on her behalf.  She has not met those requirements.

**III.    Order Providing Two Ways This Case Can Proceed**

**IT IS HEREBY ORDERED that the deficiency must be cured on or before May 13, 2026. Failure to comply with this Order may result in the dismissal of this action. Two methods to cure the deficiencies are outlined below.**

The first way this case can proceed without dismissal is if Petitioner (1) signs and verifies the Petition (Doc. 1) on page 8; (2) signs the Memorandum of Law (Doc. 2) on page 4; and (3) returns the signed documents to this Court.

The second way this case can proceed without dismissal is if Ms. Vazquez Blanco provides additional explanations and evidentiary support to meet the requirements of next friend status. Under this pathway to proceed, Ms. Vazquez Blanco must either retain counsel or show cause as to why she may proceed *pro se* as next friend for Petitioner. *See Bermudez Salas v. Figueroa*, No. CIV-26-178-D, 2026 WL 315066, at *2 (W.D. Okla. Feb. 5, 2026) (explaining that "even if [a *pro se* next friend] were recognized as Petitioner's next friend, she could not represent Petitioner or sign filings on her behalf, and would have to employ counsel to do so").

The Clerk of Court is directed to send a copy of the Petition, (Doc. 1), and the Memorandum of Law, (Doc. 2), to Petitioner along with this Order.[2]

---

[2] This Order should be mailed to Ms. Vazquez Blanco at the address provided in the Petition, and to Petitioner at the Diamondback Correctional Facility.

6

IT IS SO ORDERED this 22nd day of April, 2026.


_____
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

6